UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| JUSTIN JAMES SCHNEIDER,<br><br>Plaintiff,<br><br>vs.<br><br>CORSON COUNTY SHERIFF'S OFFICE,<br><br>Defendant. | 1:24-CV-01005-CCT<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND 1915(A) SCREENING** |

Plaintiff, Justin James Schneider, an inmate at the Faulk County Jail,[1] filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Schneider moves for leave to proceed in forma pauperis and included his prisoner trust account report. Dockets 2, 5, and 7. Schneider also filed a motion to appoint counsel. Docket 3.

**I.      Motion for Leave to Proceed in Forma Pauperis**

Schneider reports average monthly deposits of $200.00 and an average monthly balance of $0.00. Docket 7 at 1. Under the Prisoner Litigation Reform Act (PRLA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Thus, "[w]hen an inmate seeks pauper status, the only

---

[1] Schneider was incarcerated at the Hughes County Jail at the time he filed his complaint, Docket 1, but he has since been transferred to the Faulk County Jail. Docket 9.

1

issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (alteration in original) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of

(A) The average monthly deposits to the prisoner's trust account; or
(B) The average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Based on the information regarding Schneider's prisoner trust account, the court grants Schneider leave to proceed in forma pauperis and waives his initial partial filing fee because the initial partial filing fee would be greater than his current balance. See 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action … for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). Thus, Schneider's first motion for leave to proceed in forma pauperis, Docket 2, is granted. Because this court grants Schneider's first motion for leave to proceed in formal pauperis (Docket 2), his second motion for leave to proceed in forma pauperis (Docket 5) is denied as moot.

In order to pay his filing fee, Schneider must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's

institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments form the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. §1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Schneider's institution. Schneider remains responsible for the entire filing fee, as long as he is a prisoner. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

## II.   1915A Screening

### A. Factual Background

The facts alleged in Schneider's complaint are that the Corson County Sheriff's Office failed to investigate or file charges against the men who shot Schneider on July 29, 2022. Docket 1 at 1, 3. On July 29, 2022, Schneider was shot through his hip and penis by two men. *Id.* Schneider's wife drove him to meet that ambulance that was en route on Highway 12. *Id.* at 3. Schneider was questioned by an officer while in the ambulance but does not remember the questions asked due to his pain and the trauma of being shot. *Id.* He was told by the officer that other law enforcement would be at the hospital to ask additional questions about the incident. *Id.* Schneider claims that no law enforcement was present at the hospital to question him, and he is not aware

3

of any further investigation that was done regarding the incident. *Id*. Further, Schneider's wife, Brittany, went to the Sheriff's Office to file charges on the two men that shot him, and she was turned away. *Id*. Schneider claims that no investigation was done, and no arrests were made by the Corson County Sheriff's Office, which violated his rights and the rules of law. *Id*.

Schneider brings his claims against the Corson County Sheriff's Office for dereliction of duty, selective prosecution, and failure to render aid. *Id*. at 1. In his complaint, Schneider seeks damages in an unknown amount. *Id*. at 4.

### B. Legal Background

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenburg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted. Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A compliant "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663-64 (8th

Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation and footnote omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 554-63)).

Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now screen Schneider's complaint under 28 U.S.C. § 1915A.

### C. Legal Analysis

Schneider brings claims against the Corson County Sheriff's Office. Docket 1 at 1. The Eighth Circuit Court of Appeals has held that sheriff's departments are not suable entities under 42 U.S.C. § 1983. *De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (per curiam). Further, "vicarious liability is not actionable under 42 U.S.C. § 1983." *Willaims v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988). Thus, Schneider's claims against

the Corson County Sheriff's Office are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1).

### III. Motion to appoint counsel

Schneider has also filed a motion to appoint counsel. Docket 3. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Further, in this case, Schneider's claims against the Corson County Sheriff's Office are dismissed. Thus, his motion to appoint counsel is denied.

Thus, it is ORDERED:

1. That Schneider's motion for leave to proceed in forma pauperis (Docket 2) is granted;

2. That the Clerk of Court will send a copy of this order to the appropriate financial official at Schneider's institution;

3. That the institution having custody of Schneider is directed that whenever the amount in Schneider's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Schneider's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid;

4. That Schneider's second motion to proceed in forma pauperis (Docket 5) is denied as moot;

5. Schneider's claims against the Corson County Sheriff's Office are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1); and

6. Schneider's motion to appoint counsel (Docket 3) is denied.

Dated September 5, 2024.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE